IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Carolyn Newbill, | : | |
| | : | Case No. 1:25-cv-723 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| U.S. Food and Drug Administration | : | Recommendation, Granting Motion to |
| | : | Dismiss, and Dismissing Complaint |
| Defendant. | : | |

Plaintiff Carolyn Newbill filed a *pro se* Complaint against Defendant U.S. Food and Drug Administration ("FDA").  (Doc. 2.)  Magistrate Judge Stephanie K. Bowman issued a Report and Recommendation recommending dismissal after Newbill failed to respond to the FDA's Motion to Dismiss.  (Docs. 6, 10.)  Newbill did not file objections.  For the reasons that follow, the Court will **ADOPT** the Report and Recommendation, **GRANT** the Motion to Dismiss, and **DISMISS** the Complaint.

**I.**

Title 28 U.S.C. § 636(b)(1)(B) & (C) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive pretrial matters that have been referred to them.  A district court need not independently review a report and recommendation to which no objection is made.  *See Thomas v. Arn*, 474 U.S. 140, 152 (1985). But some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error.  *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011).

1

**II.**

Newbill filed her Complaint in state court on September 2, 2025.  (Doc. 2.)  Her allegations are brief and difficult to follow.  Newbill alleges that she received a letter in April 2014 from Walgreens informing her about the recall of a prescription medication she had received.  (Doc. 2 at PageID 17–18).  She also alleges that she "was having breathing problems," and that she filed a "civil suit in 1989" but did not know if it was still pending.  (*Id.* at PageID 17.)  For unclear reasons, she seeks "977 Billion Dollars discrimination charges on everything." (*Id.*)

The FDA removed the suit from state court and then filed a Motion to Dismiss on November 18, 2025.  (Docs. 1, 6.)  The FDA argues that the Court lacks subject matter jurisdiction because the United States had not waived its sovereign immunity and that Newbill failed to plead a plausible theory of liability against it.  (Doc. 6-1 at PageID 27.)  When Newbill failed to file a response in opposition, the Magistrate Judge issued an Order to Show Cause asking Newbill to respond in writing by January 9, 2026 why the Motion to Dismiss should not be granted.  (Doc. 7.)  On December 29, 2025, Newbill filed a response to the Order to Show Cause.  (Doc. 8.)

The Magistrate Judge determined that Newbill's brief was hard to follow and did not address the legal issues the FDA raised in the Motion to Dismiss.  She issued an Order on January 7, 2026 giving Newbill one more chance to respond to the Motion to Dismiss by February 6, 2026.  (Doc. 9.)  Newbill did not file a response in opposition.  Therefore, on March 10, 2026, the Magistrate Judge issued a Report and Recommendation recommending that the FDA's Motion to Dismiss be granted.  (Doc. 10.)  Newbill did not file objections

Newbill forfeited the right to *de novo* review by this Court by failing to object.  The

2

Court has reviewed the Report and Recommendation for clear error and finds none.  The

Complaint must be dismissed for lack of jurisdiction and failure to state a claim upon which

relief can be granted.

### III.

Accordingly, the Report and Recommendation (Doc. 10) is **ADOPTED**, Defendant's

Motion to Dismiss (Doc. 6) is **GRANTED**, and Plaintiff's Complaint (Doc. 2) is **DISMISSED**

**WITH PREJUDICE.**

**IT IS SO ORDERED.**

BY THE COURT:


S/Susan J. Dlott
Susan J. Dlott
United States District Judge